**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHARLES NEAL**                                                                                                     **PLAINTIFF**

**VERSUS**                                                                       **CIVIL ACTION NO. 2:04CV287-P-B**

**FEDERATED DEPARTMENT STORES, INC.,
FACS GROUP, INC., AND RICH'S DEPARTMENT
STORES, INC., d/b/a GOLDSMITH'S**                               **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiffs' Motion to Remand [8]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff filed this case in the Circuit Court of Coahoma County, Mississippi seeking recovery under state law for furnishing inaccurate information concerning his revolving credit account to national credit reporting agencies. Defendants removed the action on October 1, 2004, asserting subject matter jurisdiction based on diversity and federal question. Specifically, the plaintiff is a domiciliary of Mississippi; the named defendants are incorporated under the laws of Delaware and Ohio and maintain their principal places of business in states other than Mississippi. With regard to the amount in controversy, the notice of removal merely avers: "The amount of controversy is not stated in the complaint but is believed, pursuant to the well-pleaded complaint doctrine to be more than $75,000.00." Defendants also assert jurisdiction pursuant to 28 U.S.C. § 1331 by virtue of the alleged preemptive effect of certain provisions of the Fair Credit Report Act on plaintiff's state law claims. 15 U.S.C. § 1681t(b)(1)(F).

Plaintiff filed a timely motion to remand contesting subject matter jurisdiction. A defendant who removes a case to federal court bears the burden of proving the jurisdictional prerequisites. Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003).

In a case predicated on diversity jurisdiction in which the plaintiff fails to allege a specific amount of damages, the defendant must show by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. A defendant may do so in one of two ways. First, a defendant can establish that it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds § 1332's jurisdictional minimum. Id. Second, the defendant can establish the facts in controversy through the removal petition or by accompanying affidavit. Id.

The Complaint did not allege a specific amount in controversy. Despite that, defendants maintain that it is facially apparent that the amount in controversy exceeds $75,000 based on plaintiff's allegation that the defendants' actions resulted in plaintiff being "denied the opportunity to refinance two loans that would have resulted in significant monthly savings." Plaintiff's Complaint at p. 3. Defendants' brief in opposition to remand posits:

> Although the plaintiff does not allege the type of loans involved, if these loans are home loans, as is currently popular for refinancing efforts, the monthly savings could have extended for over 360 months. In that case, a savings of only $200 per month, an amount easily seen as "significant", would lead to a damage amount which is near the jurisdictional requirement alone, without even considering the further damages
> . . . .

Defendants' Brief at p. 5. Considering defendants' leap from a general allegation to rank speculation regarding the nature of plaintiff's damages, the Court cannot reasonably conclude that it is facially apparent from the plaintiff's Complaint that the amount in controversy exceeds $75,000.00. As a

further matter, defendants utterly failed to offer any evidence relative to the amount in controversy.[1] The Court therefore concludes that jurisdiction under § 1332 is lacking.

This Court has already considered, and rejected the preemption theory advanced by defendants in support of federal question jurisdiction. <u>Jackson v. Norwest Financial, Inc.</u>, Civil Action No. 4:00CV247 (July 13, 2001). To the extent that preemption exists, it is available as a defense to the plaintiff's state-law claims. In order for preemption to serve as a basis for removal, the plaintiff's claims must be <u>completely</u> preempted by federal law. The Fair Credit Reporting Act lacks that extraordinary preemptive force. <u>Id.</u> <u>See also Sherron v. Private Issue by Discover</u>, 977 F. Supp. 804 (N.D. Miss. 1997). Accordingly, § 1331 affords no basis for a finding of subject matter jurisdiction.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand [8] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that this cause is hereby REMANDED to the Circuit Court of Coahoma County.

SO ORDERED, this the 12th day of April, 2006.

---

[1] Defendants' brief requests the opportunity to develop proof to support their jurisdictional allegations in the event the Court resolves the "facially apparent" question adversely. The Court declines the invitation; as pointed out by the plaintiff, under the preferred procedure, defendants should have ascertained the amount in controversy prior to effecting the removal. <u>McLain v. American International Recovery, Inc.</u>, 1 F.Supp.2d 628, 631 (S.D. Miss. 1998). <u>See also Draper v. United States Fidelity and Guaranty Co.</u>, 2000 WL 268565 (S.D. Miss. 2000).